Filed          18-CI-01002    11/27/2018         Roger Schott, Laurel Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                                    12/19/2018 11:42:45 PM
                                                                                    84382

COMMONWEALTH OF KENTUCKY
LAUREL CIRCUIT COURT
CIVIL DIVISION
CASE NO. _____
*Electronically Filed*

JAMIE BOWLING                                                        PLAINTIFF

vs.                                     **COMPLAINT**

RELIANCE STANDARD LIFE INSURANCE            DEFENDANT
COMPANY

**To be served through Kentucky Secretary of State:**

Charles T. Denaro
Two Commerce Square
2001 Market Street
Suite 1500
Philadelphia, PA 19103

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

1. The Plaintiff, Jamie Bowling, is a citizen and resident of Laurel County, Kentucky.

2. Reliance Standard Life Insurance Company ("Reliance Standard" or "Defendant") is an insurance company believed to be domiciled in the state of Illinois with its statutory home office located at 1100 East Woodfield Road, Two Woodfield Lake, Suite 437 Schaumburg, Illinois 60173.

3. Reliance Standard's service of process agent is Charles T. Denaro, located at Two Commerce Square, 2001 Market Street, Suite 1500, Philadelphia, PA 19103, and can be served through the Kentucky Secretary of State. Reliance Standard is authorized to do the business of insurance by holding a Kentucky Certificate of Authority.

Presiding Judge: HON. MICHAEL CAPERTON (627365)

COM : 000001 of 000005

Filed          18-CI-01002    11/27/2018         Roger Schott, Laurel Circuit Clerk

EXHIBIT
1

4. The Plaintiff had been employed at General Dynamics Information Technology ("General Dynamics"), working most recently as a Customer Service Representative I.

5. The Defendant supplied and issued a policy of insurance to General Dynamics, where the Plaintiff obtained coverage for long-term disability ("LTD") insurance. The applicable insurance policy number is believed to be LTD 118763.

6. Jurisdiction and venue are proper in this court as Plaintiff was employed and worked in Laurel County, Defendant's actions caused damages in Laurel County, and Defendant supplied and issued insurance policies in Laurel County to cover employees of General Dynamics.

7. The LTD insurance policy provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

8. Benefits are payable to Plaintiff under the LTD insurance policy because she is disabled, as defined in the insurance policy, from performing her past occupation at General Dynamics and any other occupation.

9. The LTD policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following definition:

> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
> (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;
>     (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;
>     (b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and

2

Presiding Judge: HON. MICHAEL CAPERTON (627355)
COM : 000002 of 000005

    (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of Any Occupation. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.

10. The Plaintiff, while working at General Dynamics, became disabled as defined in her insurance policy on or about July 5, 2017, and remains disabled.

11. The Plaintiff was and has been unable to perform the material duties of her own occupation, and any other gainful occupation, since on or about July 5, 2017, as a result of injury or sickness.

12. The Plaintiff applied for LTD benefits with the Defendant in a timely fashion, in the manner outlined in the insurance policy. The insurance company's claim number is 2017-12-29-0268-LTD-01.

13. Plaintiff provided proof that she was disabled from work, and that she was unable to perform her own occupation and any other occupation.

14. By letter dated March 12, 2018, Reliance Standard denied Plaintiff's LTD claim.

15. On August 29, 2018, Plaintiff submitted a timely appeal of Defendant's denial of her LTD claim.

16. By letter dated November 7, 2018, Defendant upheld the denial of Plaintiff's LTD claim.

17. The November 7, 2018, letter stated that Plaintiff "has exhausted any administrative remedies available to her under the terms of the Policy."

18. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "disabled" under the terms of the LTD policy, and Defendant should be required to perform under the contract and pay LTD benefits to Plaintiff.

Presiding Judge: HON. MICHAEL CAPERTON (627365)

COM : 000003 of 000005

3

19. The denial of Plaintiff's claim for LTD benefits is a breach of contract, and Defendant's breach of its contractual duties and obligations has caused Plaintiff damages.

20. The decision of Defendant to deny contractual benefits under the LTD policy is erroneous, a breach of fiduciary duties, negligent, an abuse of discretion, arbitrary and capricious, and contrary to the overwhelming evidence supplied to Defendant in the medical records and other information supplied by Plaintiff and on Plaintiff's behalf.

21. The LTD policy and coverage does not meet the qualifications of a plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.*

22. In the alternative to allegation number 22 above, if the LTD Plan does meet the qualifications for ERISA, then the decisions made by Defendant to deny Plaintiff's claim were arbitrary and capricious, against the overwhelming evidence provided to Defendant, and a breach of fiduciary duty, which entitles Plaintiff to contractual benefits, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

23. Defendant should be enjoined from stopping payments under the contract.

24. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff Jamie Bowling demands the following relief:

1. Judgment against Defendant for full contractual benefits, attorney's fees, pre-judgment and post-judgment interest; and

2. Any and all other relief to which Plaintiff appears entitled.

Filed        18-CI-01002        11/27/2018        Roger Schott, Laurel Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                                  12/19/2018 11:42:45 PM
                                                                                  84382

Respectfully submitted,

/s/ *Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Attorney for Plaintiff*

Filed        18-CI-01002        11/27/2018        Roger Schott, Laurel Circuit Clerk

Presiding Judge: HON. MICHAEL CAPERTON (627365)
COM : 000005 of 000005



**Commonwealth of Kentucky**
**Roger Schott, Laurel Circuit Clerk**

NOT ORIGINAL DOCUMENT
12/19/2018 11:43:32 PM
84382

---

**Case #:** 18-CI-01002    **Envelope #:** 1334855

**Received From:** ELIZABETH THORNSBURY    **Account Of:** ELIZABETH THORNSBURY

**Case Title:** BOWLING, JAMIE VS. RELIANCE STANDARD LIFE INSURANCE COMPANY    **Confirmation Number:** 85187951
**Filed On:** 11/27/2018  4:29:46PM

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Money Collected For Others(Postage) | $12.19 |
| 8 | Money Collected For Others(Secretary of State) | $10.00 |
| 9 | Charges For Services(Copy - Photocopy) | $1.40 |
| 10 | Charges For Services(Attestation) | $0.50 |
|   | **TOTAL:** | **$245.09** |

Generated: 11/28/2018                                                                                                 Page 1 of 1

NOT ORIGINAL DOCUMENT
12/19/2018 11:43:14 PM
84382

| AOC-E-105   Sum Code: CI | | Case #: **18-CI-01002** |
|---|---|---|
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **LAUREL** |
| Court of Justice   Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **BOWLING, JAMIE VS. RELIANCE STANDARD LIFE INSURANCE COMPANY,** *Defendant*

TO:  **RELIANCE STANDARD LIFE INSURANCE COMPANY**
     **CHARLES T. DENARO, TWO COMMERCE SQUARE**
     **2001 MARKET STREET, STE. 1500**
     **PHILADELPHIA, PA 19103**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Roger Schott, Laurel
Circuit Clerk
Date: **11/27/2018**

Presiding Judge: HON. MICHAEL CAPERTON (627365)

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

Served By _____

Title _____

CI : 000001 of 000001

Summons ID: @00000181063
CIRCUIT: 18-CI-01002 Long Arm Statute – Secretary of State
BOWLING, JAMIE VS. RELIANCE STANDARD LIFE INSURANCE COMPANY

**eFiled**



Page 1 of 1